JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSANNA MONTES ALCOSER,<br>Plaintiff,<br>v.<br>UNIVERSAL STUDIOS, LLC, *et al*.,<br>Defendants. | Case No. 2:26-cv-05506-FLA (ASx)<br><br>**ORDER REMANDING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION [DKT. 11] AND DENYING AS MOOT PLAINTIFF'S MOTION TO REMAND [DKT. 15]** |

**RULING**

On April 13, 2026, Plaintiff Susanna Montes Alcoser ("Plaintiff") initiated this action against Defendants Universal City Studios LLC ("Universal Studios") and Scott Strobl ("Strobl" and, together, "Defendants") in the Los Angeles County Superior Court, Case No. 26NNCV02832. Dkt. 1-1. Plaintiff alleges she was at Universal Studios' premises located at Universal Studios when she slipped and fell due to a hazardous condition. Dkt. 1-2 ("FAC") ¶ 9. The First Amended Complaint alleges three causes of action: (1) negligence; (2) premises liability; and (3) common carrier negligence. *See generally* FAC. Plaintiff prays for general damages, medical expenses, loss of income, loss of earning capacity, interest, and costs. *Id.* at 11.[1]

On May 21, 2026, Defendants removed the action to this court based on alleged diversity jurisdiction. Dkt. 1 ("NOR"). In the Notice of Removal, Defendants allege the court has subject matter jurisdiction under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 and complete diversity exists between the parties, because Strobl was "improperly joined as a defendant merely to defeat diversity jurisdiction." *Id.* at 2–3. On June 4, 2026, the court ordered the parties to show cause why the action should not be remanded due to a lack of complete diversity amongst the parties and an insufficient amount in controversy ("OSC"). Dkt. 11. Plaintiff and Defendants both filed responses. Dkts. 17 ("Defs. Resp."), 18 ("Pl. Resp.").

Having reviewed the Notice of Removal, both responses to this court's OSC, and for the reasons stated herein, the court finds Defendants fail to establish subject matter jurisdiction and accordingly REMANDS the action to the Los Angeles County Superior Court, Case No. 26NNCV02832.

/ / /

/ / /

---

[1] The court cites documents by the page numbers added by the court's CM/ECF System, rather than any page numbers included natively.

## DISCUSSION

### I. Legal Standard

Federal courts are courts of "limited jurisdiction," possessing only "power authorized by [the] Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); U.S. CONST. art. III, § 2, cl. 1. Courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3 (2006). Additionally, federal courts have an obligation to examine jurisdiction *sua sponte* before proceeding to the merits of a case. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

Federal courts have jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. §§ 1331, 1332(a). Thus, a notice removing an action from state court to federal court must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Where "the plaintiff contests, or the court questions, the defendant's allegation" concerning the amount in controversy, "both sides [shall] submit proof," and the court may then decide whether the defendant has proven the amount in controversy "by a preponderance of the evidence." *Id.* at 88–89. "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). It is Defendant's burden as the removing party to justify this court's exercise of jurisdiction. *Id.* at 567.

"In determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *Grancare, LLC v. Thrower*, 889 F.3d 543, 548 (9th Cir. 2018) (citing *Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146, 152 (1914)). "A defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a 'heavy burden' since there is a general presumption against finding fraudulent

joinder." *Id.* (cleaned up); *see also Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) ("Fraudulent joinder must be proven by clear and convincing evidence.").

"There are two ways to establish fraudulent joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."[2] *Grancare*, 889 F.3d at 548 (internal quotation marks and citations omitted). "Fraudulent joinder is established the second way if a defendant shows that an individual joined in the action cannot be liable on any theory." *Id.* (cleaned up). "But if there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Id.* (cleaned up) (emphasis in original).

**II. Analysis**

Defendants removed this action based on a theory that Strobl, a citizen of California, was fraudulently joined to defeat diversity jurisdiction. NOR at 3–4. The court disagrees.

In Defendants' Notice of Removal, Universal Studios asserts it is a citizen of Delaware and Pennsylvania and, as such, is diverse in citizenship from Plaintiff, a citizen of California. NOR at 5–8. Plaintiff does not dispute this contention. *See* Pl. Resp. Accordingly, for purposes of this Motion, the court accepts this assertion as true and considers Universal Studios to not be a citizen of California. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (holding that for purposes of diversity jurisdiction, a limited liability company is a citizen of every state in which its members are citizens).

/ / /

---

[2] Here, Defendants seek to establish fraudulent joinder by arguing Plaintiff cannot establish a cause of action against Strobl under California law. *See* NOR at 3–4.

Plaintiff alleges Strobl resides in California. FAC ¶ 4. Defendants do not dispute that allegation, but argue remand is inappropriate because Plaintiff's allegations against Strobl "are limited to his role as an executive of the premises, alleging only that he was responsible for managing, supervising, and controlling the property." NOR at 3.

To state a negligence claim under California law, a plaintiff must sufficiently allege: (1) a legal duty to use due care; (2) breach of such legal duty; and (3) the breach was a proximate or legal cause of the resulting injury. *Ladd v. County of San Mateo*, 12 Cal.4th 913, 917 (1996). Defendant Strobl is Executive Vice President & General Manager of Universal Studios Hollywood. Dkt. 6 ("Strobl Decl.") ¶ 4. In this role, he is responsible for "managing business operations, developing corporate strategic goals, and identifying business opportunities." *Id.* Under California law, "directors and officers of a corporation do not incur personal liability for the torts of the corporation 'unless they participate in the wrong or authorize or direct that it be done.'" *Schwartz v. Pillsbury Inc.*, 969 F.2d 840, 843 (9th Cir. 1992) (quoting *United States Liab. Ins. Co. v. Haidinger-Hayes, Inc.*, 1 Cal.3d 586 (1970)).

Plaintiff alleges that at the time and place of Plaintiff's injury, Defendants "owed a duty of reasonable care toward Plaintiff and others based upon Defendants' ownership, possession, custody, and control of the property." FAC ¶ 13. Plaintiff argues the FAC "ties Strobl to the specific location of the incident, the specific hazardous condition, his actual or constructive knowledge of it, and prior complaints about the same recurring hazard." Pl. Resp. at 5.

In her First Amended Complaint, Plaintiff alleges Strobl bore

> direct responsibility for the implementation, supervision, and enforcement of inspection, cleaning, maintenance, and hazard-remediation protocols at the SUBJECT PREMISES, including in the area where the subject incident occurred. On information and belief, STROBL had actual and/or constructive knowledge of the HAZARDOUS CONDITION prior to Plaintiff's incident and personally directed, supervised, failed to direct, failed to supervise, and/or ratified

> the acts and omissions that caused the HAZARDOUS CONDITION to exist and to remain unremediated at the time of Plaintiff's injury. STROBL's personal acts and omissions were a substantial factor in causing Plaintiff's injuries.

FAC ¶ 6. Plaintiff contends these allegations do not support a finding of fraudulent joinder. Pl. Resp. at 4–5.

Defendants argue Plaintiff cannot state a cause of action against Strobl. NOR at 3. In support, Defendants submitted a declaration from Strobl. *See generally* Strobl Decl. A removing defendant is "entitled to present the facts showing the joinder to be fraudulent," *McCabe v. Gen. Foods, Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987), and the court, in ruling on that issue, may "pierc[e] the pleadings" to consider "summary judgment-type evidence such as affidavits and deposition testimony," *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001). In his declaration, Strobl attests he is "the Executive Vice President & General Manager of Universal Studios Hollywood" and does not "perform day-to-day management or oversight of the many specific attractions in the theme park," and "had no personal involvement in the design, construction, installation, maintenance, inspection, or management of the area where Plaintiff alleges she sustained injury." Strobl Decl. ¶¶ 4–5. While Strobl's declaration may contradict Plaintiff's FAC, the FAC alleges individualized, personal participation on Strobl's part. *See* FAC ¶ 6; Pl. Resp. at 4; *Grancare*, 889 F.3d at 551 ("But a denial, even a sworn denial, of allegations does not prove their falsity, and [defendant's] status as an administrator does not insulate her from liability.")

Even if the court found Plaintiff's allegations insufficient to state a claim against Strobl, Defendants have not demonstrated Plaintiff's "inability to do so upon further leave or that the state court would not afford him such leave." *Cooks v. Wells Fargo Bank, N.A.*, Case No. 3:17-cv-02539-MMC, 2017 WL 3129203, at *3 (N.D. Cal. July 24, 2017); *see, e.g.*, *Schultz v. Harney*, 27 Cal. App. 4th 1611, 1622 (1994) (holding "a demurrer to a complaint should not be sustained without leave to amend if there is a reasonable possibility that the defects can be cured by amendment"). In

particular, Defendants have failed to meet their burden of showing Strobl "cannot be liable on any theory." *See Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998).

Defendants further argue Plaintiff improperly lumps allegations against all Defendants, and Strobl cannot be personally liable when he "is a high-level executive who is far removed from the day-to-day operations of individual attractions within the theme park." NOR at 3–4 (citing Strobl Decl. ¶¶ 3–4). However, Defendants' arguments regarding the improper "lumping" of Defendants together by alleging misconduct against all Defendants collectively go to the sufficiency of the complaint, rather than to the possible viability of Plaintiff's claims against Strobl and, therefore, do not establish fraudulent joinder. *See Grancare*, 889 F.3d at 552.

In defense of removal, Defendants cite to *Garcia v. Universal Studios*, Case No. 2:24-cv-03115-HDV (BFMx), 2024 WL 3582624, at *2 (C.D. Cal. July 30, 2024), where a court found a plaintiff could not destroy diversity by bringing a claim against Strobl. *See* Dkt. 17-4 at 2. In *Garcia*, there were "no allegations against Strobl individually, … and there [was] absolutely nothing in the [c]omplaint to allege or even suggest that he had any personal involvement in the underlying conduct or direct supervision of the relevant employees." *Garcia*, 2024 WL 3582624, at *2. In contrast, Plaintiff's FAC alleges Strobl acted "personally" and contains clear representations about how Strobl participated in the wrong and to what extent he oversees and controls Universal Studio's premises, including the "inspection, cleaning, maintenance, and hazard-remediation protocols." *See* FAC ¶ 6. Even if she failed to allege so adequately, Defendants do not show why amendment would not cure any potential defect. *See Grancare*, 889 F.3d at 550.

Accordingly, the court finds Defendants have not met their burden of showing Strobl was fraudulently joined and, consequently, REMANDS this action to the Los

Angeles County Superior Court.[3]

## CONCLUSION

For the foregoing reasons, the court REMANDS the action to the Los Angeles County Superior Court, Case No. 26NNCV02832. All dates and deadlines in this court are VACATED. Plaintiff's Motion to Remand (Dkt. 15) is DENIED as moot. The clerk of the court shall close the action administratively.

IT IS SO ORDERED.

Dated: August 4, 2026

FERNANDO L. AENLLE-ROCHA
United States District Judge

---

[3] Because the court finds Strobl was not fraudulently joined and complete diversity does not exist between the parties, the court does not address the amount in controversy.